# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.                                                  Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, *etc.*, *et al.*,

    *Defendants*.

_____/

## PLAINTIFFS' SECOND SET OF INTERROGATORIES TO THE FLORIDA SENATE

Pursuant to FRCP 33, Plaintiffs serve their Second Set of Interrogatories on Defendant Kathleen Passidomo, in her official capacity as President of the Florida Senate:

1.    Explain in detail how the development of the 2022 enacted Senate plan was influenced by Nicholas Warren.

2.    Explain in detail how the development of the 2022 enacted Senate plan was influenced by Matthew Isbell.

3.    Explain in detail how "there was a significant number of potential voters who would be disenfranchised under not crossing the Bay," as Senator Burgess stated as quoted in Paragraph 74 of the Complaint.

4.    Explain in detail how the district configuration referenced by Jay Ferrin beginning at 11:13 in the video recording of the January 10, 2022 Select Subcommittee on Legislative Reapportionment available at https://thefloridachannel.org/videos/1-10-22-senate-select-subcommittee-on-legislative-reapportionment/ would "potentially disenfranchise[] the [] Black voters in Pinellas County."

5.    Explain in detail why the Senate did not assert that legislative privilege protects SEN-CP002177 and SEN-CP002184 from disclosure.

1

Dated November 1, 2024.

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

/s/ Nicholas L.V. Warren

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

* *Special admission*

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that the foregoing document was served by email on counsel for all defendants on November 1, 2024.

/s/ Nicholas L.V. Warren
Nicholas L.V. Warren

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.                                                     Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, *etc.*, *et al.*,

    *Defendants*.

_____/

### PLAINTIFFS' THIRD REQUEST FOR PRODUCTION
### TO THE FLORIDA SENATE

Pursuant to FRCP 26 and 34, Plaintiffs serve their Third Request for Production of Documents on Defendant Kathleen Passidomo, in her official capacity as President of the Florida Senate. Plaintiffs request that President Passidomo provide the following documents and things herein requested within 30 days by email; at the offices of the ACLU of Florida, 4343 West Flagler Street, Suite 400, Miami, FL 33134; or in such other method as may be agreed upon by counsel. Each document request is subject to the definitions and instructions set forth below. These requests are continuing in nature, as provided in FRCP 26(e).

### DEFINITIONS

1.    "You" or "Your" means the Florida Senate and all persons acting or purporting to act on its behalf, including its agents and employees.

2.    "Document" is used in the broadest possible sense and means anything that may be within the meaning of Federal Rule of Civil Procedure 34, and includes any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.

1

"Document" includes without limitation: correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by the Senate or anyone else. The term "Document(s)" includes the defined term "Electronically Stored Information," which is defined below.

3. "Electronically Stored Information" or "ESI" includes, but is not limited to, any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of computing device. This term includes but is not limited to databases; all text file and word processing Documents (including metadata); presentation Documents; spreadsheets; graphics, animations, and images (including PNG, JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling events, invites, and information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; voicemail systems; geographic information system (GIS) files (including shapefiles and KML, KMZ, GeoJSON, and Florida Redistricting PLAN files; redistricting plan block assignment files (including TXT and CSV files). This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

4. "Redistricting" means the drawing or redrawing of Florida Senate Districts.

## INSTRUCTIONS

1. You are to produce entire Documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Each request seeks the requested documents in their entirety, without abbreviation, redaction, or expurgation, including all attachments or other matters affixed to them. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Documents are to be produced as they are kept in the ordinary course of business. Please produce all electronically stored Documents in electronic, machine-readable form, together with sufficient Documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

2. In responding to these document requests, produce all documents available to Defendant or subject to Your reasonable access or control. Documents requested are those in the actual or constructive possession or control of you, your attorneys, investigators, experts, and anyone else acting on your behalf. A document is in Defendant's possession, custody or control (a) if it is in the Defendant's physical custody, or (b) if it is in the custody of any other person and the Defendant: (i) owns such document in whole or in part; (ii) has a right, by contract, statute or otherwise, to use, inspect, examine or copy such document on any terms; or (iii) has an understanding, express or implied, that the Defendant may use, inspect, examine or copy such document when they seek to do so.

3. If there are no documents responsive to any particular category, please so state in writing.

4. If any documents or parts of documents called for by this document request have been lost, discarded or destroyed, identify such documents as completely as possible on a list, including the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

5. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6. If any privilege or immunity is claimed as a ground for not producing a Document or tangible thing, provide a written log describing the basis for the claim of privilege or immunity that identifies each such Document and states the ground on which each such Document is asserted to be privileged or immune from disclosure. Any attachment to an allegedly privileged or immune Document shall be produced unless You contend that the attachment is also privileged or immune from disclosure.

7. These Document Requests request Documents in Your possession, including Documents of Your officers, employees, agents, and representatives, and unless privileged, Your attorneys.

8. These Document Requests are continuing in character so as to require You to produce additional Documents if You obtain further or different information at any time before trial. All responsive Documents in existence as of the date of production are to be produced. Any Documents created or obtained after that date are to be produced under Defendant's continuing obligation to supplement their production immediately upon the creation or development of additional responsive Documents.

9. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of responsive Documents would impose an undue burden on You, the undersigned counsel for Plaintiffs should be contacted promptly.

## REQUESTS FOR PRODUCTION

1. All Documents created, received, or sent by any senator related to Redistricting and discussing maps or proposals submitted by members of the public between January 1, 2020 and February 3, 2022.

2. All Documents created, received, or sent by any senator indicating a senator could not support or consider a redistricting plan submitted by Nicholas Warren because it was motivated by a partisan intent.

3. All Documents mentioning or discussing Nicholas Warren created or received between January 1, 2020 and April 10, 2024.

4. All Documents mentioning or discussing Matthew Isbell created or received between January 1, 2020 and April 10, 2024.

Dated November 1, 2024.

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

/s/ *Nicholas L.V. Warren*

Deborah N. Archer\*
David Chen\*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

\* *Special admission*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served by email on counsel for all defendants on November 1, 2024.

/s/ *Nicholas L.V. Warren*
Nicholas L.V. Warren

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

    *Plaintiffs*,

v.                                                            Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, *etc.*, *et al.*,

    *Defendants*.

_____/

**PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE SECRETARY OF STATE**

Pursuant to FRCP 33, Plaintiffs serve their Second Set of Interrogatories to Defendant Cord Byrd, in his official capacity as Florida Secretary of State:

1. Explain in detail how the development of the 2022 enacted Senate plan was influenced by Nicholas Warren.

2. Explain in detail how the development of the 2022 enacted Senate plan was influenced by Matthew Isbell.

3. Explain in detail in what circumstances you believe it is appropriate to use race in the drawing of legislative districts.

4. Explain in detail what circumstantial evidence can demonstrate that race predominated in the drawing of a district.

5. Explain in detail why you believe race predominated in the drawing of Florida's 5th congressional district, as configured from 2016–2022.

6. Explain in detail why you believe the use of race to draw Florida's 5th congressional district, as configured from 2016–22, was not narrowly tailored to a compelling state interest.

7. Explain in detail whether you believe race predominated in the drawing of Florida's 5th congressional district, as configured in Plan H000C8019, and if so, why.

1

8. Explain in detail whether you believe the use of race to draw Florida's 5th congressional district, as configured in Plan H000C8019, was not narrowly tailored to a compelling state interest, and if not, why.

Dated November 1, 2024.

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal
nrobertson@butler.legal

*/s/ Nicholas L.V. Warren*

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

\* *Special admission*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served by email on counsel for all defendants on November 1, 2024.

*/s/ Nicholas L.V. Warren*
Nicholas L.V. Warren

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KÉTO NORD HODGES, *et al.*,

   *Plaintiffs*,

v.                                                Case No. 8:24-cv-879

KATHLEEN PASSIDOMO, *etc.*, *et al.*,

   *Defendants*.

_____/

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION
TO THE SECRETARY OF STATE**

Pursuant to FRCP 26 and 34, Plaintiffs serve their Second Request for Production of Documents on Defendant Cord Byrd, in his official capacity as Florida Secretary of State. Plaintiffs request that Secretary Byrd provide the following documents and things herein requested within 30 days by email; at the offices of the ACLU of Florida, 4343 West Flagler Street, Suite 400, Miami, FL 33134; or in such other method as may be agreed upon by counsel. Each document request is subject to the definitions and instructions set forth below. These requests are continuing in nature, as provided in FRCP 26(e).

**DEFINITIONS**

1.    "You" or "Your" means the Florida Department of State and all persons acting or purporting to act on its behalf, including its agents and employees.

2.    "Document" is used in the broadest possible sense and means anything that may be within the meaning of Federal Rule of Civil Procedure 34, and includes any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.

"Document" includes without limitation: correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by the Senate or anyone else. The term "Document(s)" includes the defined term "Electronically Stored Information," which is defined below.

3.      "Electronically Stored Information" or "ESI" includes, but is not limited to, any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of computing device. This term includes but is not limited to databases; all text file and word processing Documents (including metadata); presentation Documents; spreadsheets; graphics, animations, and images (including PNG, JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling events, invites, and information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; voicemail systems; geographic information system (GIS) files (including shapefiles and KML, KMZ, GeoJSON, and Florida Redistricting PLAN files; redistricting plan block assignment files (including TXT and CSV files). This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

**INSTRUCTIONS**

1.      You are to produce entire Documents including all attachments, cover

letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Each request seeks the requested documents in their entirety, without abbreviation, redaction, or expurgation, including all attachments or other matters affixed to them. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Documents are to be produced as they are kept in the ordinary course of business. Please produce all electronically stored Documents in electronic, machine-readable form, together with sufficient Documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

2. In responding to these document requests, produce all documents available to Defendant or subject to Your reasonable access or control. Documents requested are those in the actual or constructive possession or control of you, your attorneys, investigators, experts, and anyone else acting on your behalf. A document is in Defendant's possession, custody or control (a) if it is in the Defendant's physical custody, or (b) if it is in the custody of any other person and the Defendant: (i) owns such document in whole or in part; (ii) has a right, by contract, statute or otherwise, to use, inspect, examine or copy such document on any terms; or (iii) has an understanding, express or implied, that the Defendant may use, inspect, examine or copy such document when they seek to do so.

3. If there are no documents responsive to any particular category, please so state in writing.

4. If any documents or parts of documents called for by this document request have been lost, discarded or destroyed, identify such documents as completely as possible on a list, including the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

5. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6. If any privilege or immunity is claimed as a ground for not producing a Document or tangible thing, provide a written log describing the basis for the claim of privilege or immunity that identifies each such Document and states the ground on which each such Document is asserted to be privileged or immune from disclosure. Any attachment to an allegedly privileged or immune Document shall be produced unless You contend that the attachment is also privileged or immune from disclosure.

7. These Document Requests request Documents in Your possession, including Documents of Your officers, employees, agents, and representatives, and unless privileged, Your attorneys.

8. These Document Requests are continuing in character so as to require You to produce additional Documents if You obtain further or different information at any time before trial. All responsive Documents in existence as of the date of production are to be produced. Any Documents created or obtained after that date are to be produced under Defendant's continuing obligation to supplement their production immediately upon the creation or development of additional responsive Documents.

9. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of responsive Documents would impose an undue burden on You, the undersigned counsel for Plaintiffs should be contacted promptly.

## REQUESTS FOR PRODUCTION

1. All Documents mentioning or discussing Nicholas Warren created or received between January 1, 2020 and April 10, 2024.

2. All Documents mentioning or discussing Matthew Isbell created or received between January 1, 2020 and April 10, 2024.

Dated November 1, 2024.   /s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

James Michael Shaw, Jr. (FBN 677851)
Naomi Robertson (FBN 1032076)
**Butler Weihmuller Katz Craig LLP**
400 North Ashley Drive, Suite 2300
Tampa, FL 33602
(813) 281-1900
jshaw@butler.legal

Deborah N. Archer*
David Chen*
**Civil Rights & Racial Justice Clinic**
**Washington Square Legal Services, Inc.**
245 Sullivan Street
New York, NY 10012
(212) 998-6473
deborah.archer@nyu.edu
davidchen@nyu.edu

* *Special admission*

4

nrobertson@butler.legal

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that the foregoing document was served by email on counsel for all defendants on November 1, 2024.

                                                    /s/ *Nicholas L.V. Warren*
                                                    Nicholas L.V. Warren